UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN AMILKAR PEREZ BELLO, | No. 1:26-cv-02848-DAD-JDP |
| Petitioner, | |
| v. | ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DENYING RESPONDENTS' MOTION TO DISMISS |
| RONALD MURRAY, et al., | |
| Respondents. | |
| | (Doc. Nos. 1, 2, 8) |

On April 15, 2026, petitioner Ryan Amilkar Perez Bello, A-File No. 246-392-353, proceeding with counsel, filed a petition for writ of habeas of corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and a motion for temporary restraining order seeking his immediate release. (Doc. Nos. 1, 2.) On April 15, 2026, the court issued an order directing respondents to file a written opposition to the pending motion and directed respondents to also indicate whether this case is distinguishable from the circumstances addressed in the court's prior orders in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025). (Doc. No. 4.)

1

On April 17, 2026, respondents filed a combined opposition to the motion for temporary restraining order and a motion to dismiss the habeas petition. (Doc. No. 8.) Therein, respondents concede that, "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (*Id.* at 1.) Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents further state that they do not oppose the court converting petitioner's motion for temporary restraining order into a motion for preliminary injunction, nor do they oppose the court ruling on the merits of the habeas petition without a hearing based upon the briefing presently before it. (*Id.*)

Here, petitioner entered the United States on December 5, 2022. (Doc. No. 1 at ¶ 14.) Petitioner was issued a Notice to Appear for removal proceedings and was released on his own recognizance on March 2, 2023. (Doc. No. 2-3 at 4, 8.) Petitioner was re-detained on March 31, 2026, when he reported for an ICE appointment. (Doc. No. 1 at ¶ 17.) The court incorporates and adopts the reasoning set forth in its prior order in *Ayala Cajina*, 2025 WL 3251083, where the undersigned concluded that the government's prior release of the petitioner created a liberty interest in his continued release. Accordingly, the court finds that petitioner's prior release gave him a liberty interest in his continued release and concludes, pursuant to the reasoning in *Ayala Cajina*, that petitioner's continued detention violates due process.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Ryan Amilkar Perez Bello, A-File No. 246-392-353, from respondent's custody on the same conditions he was subject to prior to his detention on March 31, 2026;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

2

petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden of demonstrating that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot in light of this order granting his petition for habeas relief on the merits;

3. Respondents' motion to dismiss (Doc. No. 8) is DENIED;

4. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verda Detention Center; and

5. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 22, 2026**                    _____
                                               DALE A. DROZD
                                               UNITED STATES DISTRICT JUDGE

3